# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GARETH LEE WARD, | |
| Plaintiff, | Case No. 4:25-cv-00045-SLG |
| v. | |
| FAIRBANKS DAILY NEWS-MINER, | |
| Defendant. | |

## ORDER OF DISMISSAL UPON SCREENING

On October 2, 2025, self-represented prisoner Gareth Lee Ward ("Plaintiff") filed a civil complaint and a motion to procced without paying the filing fee on a state court form.[1] Plaintiff claims that the Fairbanks Daily News-Miner, a private local newspaper, slandered his name by printing incorrect information about his arrest and criminal charges on two occasions between July 10 through 17, 2025.[2] Plaintiff claims that his due process rights were violated because of the incorrect information printed by the newspaper before his trial.[3] On January 6, 2026, Plaintiff filed a notice with attached evidence to support his claims.[4] The Court takes judicial

---

[1] Dockets 1-2.

[2] Docket 1 at 3.

[3] Docket 1 at

[4] Docket 4.

notice[5] that the criminal charges filed against Plaintiff on July 10, 2025, are still pending in state court.[6]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons explained below, Plaintiff cannot maintain a civil rights action against the Fairbanks Daily News-Miner in federal court. The Court further finds that allowing leave to file an amended complaint would be futile.[7] Therefore, this case must be DISMISSED.

I. **Screening Standard**

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking to proceed without paying the filing fee.[8] In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

---

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *See also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

[6] *See State of Alaska vs. Ward,* Case No. 4FA-25-01331CR, Docket Entry 7/10/2025 (Initial Charging Document), Event 04/06/2026 (Scheduled Trial Week). Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[7] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations).

[8] *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]"). *See also Denton v. Hernandez,* 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[9]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[10] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[11] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[12] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[13]

---

court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

[9] 28 U.S.C. § 1915(e)(2)(B).

[10] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[11] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[12] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[13] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

Case No. 4:25-cv-00045-SLG, *Ward v. Fairbanks Daily News-Miner*
Order of Dismissal Upon Screening
Page 3 of 6
Case 4:25-cv-00045-SLG   Document 5   Filed 02/06/26   Page 3 of 6

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[14] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[15]

### II. Civil Rights Claims under Section 1983

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[16] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[17] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[18] Section 1983 does not confer

---

[14] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[15] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[16] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[17] *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982)).

[18] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995).

Case No. 4:25-cv-00045-SLG, *Ward v. Fairbanks Daily News-Miner*
Order of Dismissal Upon Screening
Page 4 of 6
Case 4:25-cv-00045-SLG    Document 5    Filed 02/06/26    Page 4 of 6

constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[19]

Plaintiff claims Fairbanks Daily News-Miner violated his due process rights under the U.S. Constitution and the Alaska Constitution by slandering him on two separate occasions. Because Fairbanks Daily News-Miner is a privately owned and operated newspaper, not a state actor, Plaintiff cannot maintain a Section 1983 claim against Fairbanks Daily News-Miner. Therefore, Plaintiff's claim under the Fourteenth Amendment to the U.S. Constitution must be dismissed.

Further, Plaintiff's state law claims may only proceed in federal court if the claim is supplemental to a cognizable federal claim,[20] or if the Court has diversity jurisdiction over the case.[21] Here, the parties are citizens of the same state, so the Court does not have diversity jurisdiction over any state claims. And because Plaintiff has no viable federal claim against the newspaper, the Court will not exercise supplemental jurisdiction over his state law claims.

For these reasons, the Complaint must be dismissed. The Court finds that no additional facts could be added to remedy the deficiencies in this case, so this

---

[19] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[20] A federal court can exercise supplemental jurisdiction over state law claims that arise out of the same transaction or occurrence as the claims set forth in the original complaint. *See* 28 U.S.C. § 1367.

[21] A federal court has diversity jurisdiction over actions between citizens of different states involving an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a).

Case No. 4:25-cv-00045-SLG, *Ward v. Fairbanks Daily News-Miner*
Order of Dismissal Upon Screening
Page 5 of 6
Case 4:25-cv-00045-SLG   Document 5   Filed 02/06/26   Page 5 of 6

dismissal must be without leave to file an amended complaint in federal court. However, Plaintiff's claims are DISMISSED without prejudice to refiling his state law claims in a new case in state court.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint is **DISMISSED** without leave to amend**.**

2. All pending motions are **DENIED as moot**.

3. The Clerk of Court shall issue a final judgment and close this case.

DATED this 6th day of February, 2026, at Anchorage, Alaska.

>  /s/ Sharon L. Gleason
> SHARON L. GLEASON
> UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00045-SLG, *Ward v. Fairbanks Daily News-Miner*
Order of Dismissal Upon Screening
Page 6 of 6
Case 4:25-cv-00045-SLG    Document 5    Filed 02/06/26    Page 6 of 6